1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   BMG MUSIC; MAVERICK RECORDING
7  COMPANY; UMG RECORDINGS, INC.;
   CAPITOL RECORDS, INC.; SONY BMG MUSIC
8  ENTERTAINMENT; and ARISTA RECORDS
9  LLC

E-filing

ORIGINAL FILED
SEP 20 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND, CALIFORNIA

10               UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
11

12

13  BMG MUSIC, a New York general partnership;   CASE NO. C07-04868 WHA
    MAVERICK RECORDING COMPANY, a
14  California joint venture; UMG RECORDINGS,    *EX PARTE* APPLICATION FOR LEAVE
15  INC., a Delaware corporation; CAPITOL         TO TAKE IMMEDIATE DISCOVERY
    RECORDS, INC., a Delaware corporation;
16  SONY BMG MUSIC ENTERTAINMENT, a
    Delaware general partnership; and ARISTA
17  RECORDS LLC, a Delaware limited liability
18  company,
                        Plaintiffs,
19
         v.
20
21  JOHN DOE,
                        Defendant.
22

23

24

25

26

27

28

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#32505 v1

1    Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe ("Defendant"), who is being sued for direct copyright infringement.

2. As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant Doe # 2 or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: September 20, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
BMG MUSIC; MAVERICK RECORDING COMPANY; UMG RECORDINGS, INC.; CAPITOL RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; and ARISTA RECORDS LLC

1

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#32505 v1